jpa\posillico\tuckahoe\colonial.tuckahoe.s&c
rac 5/29/13

**13 CV 3704**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA for the use and
benefit of POSILLICO CIVIL, INC., CENTER
ROCK INC. and AMORTECH EQUIPMENT
RENTAL INC. d/b/a AMORUSO EQUIPMENT
RENTAL CO.

                         Plaintiffs,

    -against-

COLONIAL SURETY COMPANY,

                        Defendant.
-----------------------------------------------------------------X

13-CV-

COMPLAINT

    The Use Plaintiffs, Posillico Civil, Inc. ("Posillico"), Center Rock Inc. ("Center Rock") and Amortech Equipment Rental Inc. d/b/a Amoruso Equipment Rental Co. ("Amoruso") (collectively referred to as "Plaintiffs"), by their attorneys, Agovino & Asselta, LLP, as and for their complaint against defendant, Colonial Surety Company ("Colonial"), aver as follows:

### PARTIES AND JURISDICTION

    1.    At all times hereinafter mentioned, plaintiff, Posillico, was and is a domestic corporation organized and existing under the laws of the State of New York.

    2.    At all times hereinafter mentioned, plaintiff, Center Rock, was and is foreign corporation, organized and existing under the laws of the State of Pennsylvania, and is authorized to do business in the State of New York.

    3.    At all times hereinafter mentioned, plaintiff, Amoruso, was and is domestic corporation, organized and existing under the laws of the State of New York.

    4.    At all times hereinafter mentioned, defendant, Colonial, is a foreign

corporation, organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Montvale, New Jersey. Upon information and belief, Colonial is authorized to issue surety bonds in the State of New York.

5. This Court has jurisdiction over this action based upon Title 40, Sections 3133(b)(1) and 3133(b)(3), United States Code, which is commonly referred to as the "Miller Act." Venue is proper under 40 U.S.C. §3133(b)(3).

## FACTS COMMON TO ALL CLAIMS

6. The United States Government, acting by and through its Department of the Army, entered into a written contract with Hirani Engineering & Land Surveying, P.C. d/b/a Hirani Construction Management ("Hirani") for a construction project known as the Design and Construction of Yonkers Avenue, Section 14-Emergency Steambank Restoration, Village of Tuckahoe, under Project No. 153725, and identified as Contract No. W912DS-10-C-0032 (the "Project").

7. Pursuant to the provisions of the Miller Act and the terms of the payment bond issued by Colonial (Bond No. CSC-219004, and hereinafter referred to as the "Payment Bond"), in which Hirani is the principal and Colonial is the surety, Colonial bound itself to promptly pay all persons for labor and materials furnished by them in the prosecution of work necessary for the Project.

8. The Payment Bond was accepted by the United States of America, and upon such acceptance, the contract for the Project was awarded to Hirani.

## FIRST CLAIM

9. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

10. On or about August 23, 2012, Hirani entered into a subcontract agreement with Posillico (the "Posillico Subcontract"), whereby Posillico agreed to provide all necessary labor, material and equipment for installation of pipe casing and sheet piles, in connection with the Project to Hirani for its use at the Project.

11. Thereafter, Posillico fully, satisfactorily and timely performed all of the terms and conditions of the Posillico Subcontract it was required to perform, and is not in default of any of the Posillico Subcontract's terms.

12. However, Posillico has not received full payment from Hirani for the labor, material, equipment, supplies and services it provided at the Project to Hirani under the Posillico Subcontract.

13. As a result, for the unpaid labor, material, equipment, supplies and services it provided under the Posillico Subcontract, there is an unpaid balance due and owing to Posillico from Hirani in the total amount of $226,290.77, plus interest from November 15, 2012, which is Posillico's last day of work at the Project.

14. More than ninety (90) days, but less than one year, has expired from the last date upon which Posillico furnished labor, material, equipment, supplies and services to Hirani at the Project.

15. Posillico has complied with all of the conditions required of it under the Payment Bond and the Miller Act.

16. All of the foregoing labor, material, equipment, supplies and services provided by Posillico to Hirani for the Project were furnished within the jurisdiction of the United States District Court, Southern District of New York.

17. By reason of the foregoing, Colonial, as surety for Hirani, is liable to Posillico, pursuant to the Payment Bond, in the sum of $226,290.77, plus interest from November 15, 2012.

## SECOND CLAIM

18. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

19. On or about April 26, 2012, Hirani entered into a rental agreement with Center Rock (the "Center Rock Rental Agreement"), whereby Center Rock agreed to rent equipment, and provide supplies and services, including but not limited to compressors, parts and tools, to Hirani for its use at the Project.

20. Thereafter, Center Rock fully, satisfactorily and timely performed all of the terms and conditions of the Center Rock Rental Agreement it was required to perform, and is not in default of any of the Center Rock Rental Agreement's terms.

21. However, Center Rock has not received full payment from Hirani for the rental equipment, supplies and services it provided at the Project to Hirani under the Center Rock Rental Agreement.

22. As a result, for the unpaid rental equipment, supplies and services it provided under the Center Rock Rental Agreement, there is an unpaid balance due and owing to Center Rock from Hirani in the total amount of $59,359.68, plus interest from September 17,

4

2012, which is Center Rock's last day of work at the Project.

23. More than ninety (90) days, but less than one year, has expired from the last date upon which Center Rock furnished rental equipment, supplies and services to Hirani at the Project.

24. Center Rock has complied with all of the conditions required of it under the Payment Bond and the Miller Act.

25. All of the foregoing rental equipment, supplies and services provided by Center Rock to Hirani for the Project were furnished within the jurisdiction of the United States District Court, Southern District of New York.

26. By reason of the foregoing, Colonial, as surety for Hirani, is liable to Center Rock, pursuant to the Payment Bond, in the sum of $59,359.68, plus interest from September 17, 2012.

## THIRD CLAIM

27. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

28. On or about September 12, 2012, Hirani entered into a rental agreement with Amoruso (the "Amoruso Rental Agreement"), whereby Amoruso agreed to rent equipment, and provide supplies and services, including but not limited to a hydraulic excavator, variable boom and parts, to Hirani for its use at the Project.

29. Thereafter, Amoruso fully, satisfactorily and timely performed all of the terms and conditions of the Amoruso Rental Agreement it was required to perform, and is not in default of any of the Amoruso Rental Agreement's terms.

5

30. However, Amoruso has not received full payment from Hirani for the rental equipment, supplies and services it provided at the Project to Hirani under the Amoruso Rental Agreement.

31. As a result, for the unpaid rental equipment, supplies and services it provided under the Amoruso Rental Agreement, there is an unpaid balance due and owing to Amoruso from Hirani in the total amount of $19,373.79, plus interest from November 28, 2012, which is Amoruso's last day of work at the Project.

32. More than ninety (90) days, but less than one year, has expired from the last date upon which Amoruso furnished rental equipment, supplies and services to Hirani at the Project.

33. Amoruso has complied with all of the conditions required of it under the Payment Bond and the Miller Act.

34. All of the foregoing rental equipment, supplies and services provided by Amoruso to Hirani for the Project were furnished within the jurisdiction of the United States District Court, Southern District of New York.

35. By reason of the foregoing, Colonial, as surety for Hirani, is liable to Amoruso, pursuant to the Payment Bond, in the sum of $19,373.79, plus interest from November 28, 2012.

WHEREFORE, the use plaintiffs, Posillico Civil, Inc., Center Rock Inc. and Amortech Equipment Rental Inc. d/b/a Amoruso Equipment Rental Co., demand judgment against defendant, Colonial Surety Company, as follows:

1. On the First Claim, in the sum of $226,290.77, plus interest from November 15, 2012;

2. On the Second Claim, in the sum of $59,359.68, plus interest from September 17, 2012;

3. On the Third Claim, in the sum of $19,373.79, plus interest from November 28, 2012;

4. For such other and further relief as this Court may deem just and proper, together with the costs, disbursements, and attorneys' fees of this action.

Dated: Mineola, New York
       May 30, 2013

*[signature]*
Joseph P. Asselta, Esq.
AGOVINO & ASSELTA, LLP
Attorneys for Plaintiffs,
Posillico Civil, Inc., Center Rock Inc. and
Amortech Equipment Rental Inc.
330 Old Country Road, Suite 201
Mineola, NY 11501
(516) 248-9880